```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MATTHEW WARNER,           | HON. JEROME B. SIMANDLE |
| Plaintiff,                | Civil No. 09-6095 (JBS/JS) |
| v.                        | **MEMORANDUM OPINION** |
| TOWNSHIP OF SOUTH HARRISON, et al., | |
| Defendants.               | |

**SIMANDLE**, Chief District Judge:

    This matter is before the Court upon the motion of Defendants South Harrison Township, Warren Mabey, Colleen Bianco, James McCall and Gary Spinner ("Defendants") for reconsideration [Docket Item 60] of this Court's order granting in part and denying in part the Defendants' previous motion for summary judgment [Docket Item 58]. The Court finds as follows:

    1. The Plaintiff Matthew Warner ("Plaintiff") performed a port scan on the Township of South Harrison's computer network at the request of Deputy Mayor Robert Campbell but without the permission of the Township Committee. This incident resulted in a state police investigation to determine whether the Plaintiff unlawfully breached the Township's computer network. The state police concluded that there was no criminal activity involved in this incident and that the Plaintiff was asked to scan the network and believed he had the proper authority to do so. The matter was then referred back to the Township for any further

action.  The Township formed a subcommittee comprised of Defendants Spinner and McCall to investigate the incident and subsequently the subcommittee issued its own report and findings.  Attached to this report was an unredacted copy of the state police investigation report which included Plaintiff's social security number, home address, date of birth, driver's license number and personal telephone numbers.  Defendants Spinner and McCall handed a copy of the report with the incorporated exhibits to the Municipal Clerk.  This report contained Plaintiff's unredacted personal information and was later made available to the public through Open Public Records Act requests.

  2.  The Plaintiff filed the instant action against the Defendants Township of South Harrison, Jeannine Campbell, Colleen Bianco, Gary Spinner, James McCall and Warren Mabey.  In the First Amended Complaint, the Plaintiff alleged Defendants violated his right to privacy under both the Federal and State Constitutions.  The Plaintiff also brought a Fourteenth Amendment defamation claim against the Defendants.  Lastly, the Plaintiff brought a <u>Monell</u> claim for violation of federal rights against the Township of South Harrison and maintained that the municipality failed to train, supervise and/or discipline the individual defendants.

  3.  Defendants then filed a motion for summary judgment, which this Court granted in part and denied in part. [Docket Item

2

58.]  The court granted Defendants' motion for summary judgment as to the Plaintiff's defamation claim.  The court dismissed Plaintiff's constitutional right to privacy claim against Defendant Bianco and Defendant Mabey in its entirety.  The court also granted summary judgment and dismissed Plaintiff's right to privacy claim against Defendants McCall and Spinner in their individual capacities.  However, the court denied summary judgment as to the Plaintiff's right to privacy claim against Defendants McCall and Spinner in their official capacities.  The court also denied summary judgment as to Plaintiff's <u>Monell</u> claim against the Township.

    4.  Specifically, the court concluded that the Plaintiff produced evidence from which a jury could conclude his federal rights were violated by Defendants McCall and Spinner, who were policy makers for the Township.  The court found that there was evidence from which a jury could find the disclosure of Plaintiff's personal information in the unredacted police report was not negligent.  The record showed that Defendants McCall and Spinner were told numerous times by multiple individuals that the information included in the report was confidential.  McCall and Spinner's own investigatory subcommittee report summarized the state police report.  Consequently, the court found it was evident McCall and Spinner read the unredacted report and were aware of its sensitive contents.  However, Defendants McCall and

Spinner failed to properly redact the report prior to attaching it as an exhibit to their public subcommittee findings. Therefore, the court held that a reasonable jury could find that the disclosure by McCall and Spinner was not negligent; thus Plaintiff's right to privacy claim remained viable.

   5.   Defendants now move for reconsideration and argue that there was not sufficient evidence that McCall and Spinner's disclosure was non-negligent.  In particular, the Defendants argue that the court improperly relied upon the Plaintiff's suspicion that Defendants Spinner and McCall could be lying about how they ultimately received a copy of the unredacted police report.  The Defendants argue that the court overlooked facts in the record which supported the Defendants' contention that McCall and Spinner received the report from the State Police after submitting a $16 money order.  The Defendants argue the court improperly relied on Plaintiff's supposition that Defendant Mabey furnished the report, not the state police, and erroneously held McCall and Spinner's disclosure was not negligent.  Therefore, the Defendants maintain reconsideration is proper.

   6.   The Plaintiff filed opposition to Defendants' reconsideration motion.  First, the Plaintiff maintains that this motion is untimely because it was not filed within fourteen (14) days of the court's June 26, 2012 order in compliance with L. Civ. R. 7.1(i).  Instead, it was filed twenty-eight (28) days

after the court's decision.  Therefore, Plaintiff argues the court should deny the motion on timeliness grounds alone.  As to the merits, the Plaintiff argues the Defendants misconstrue the court's decision.  The Plaintiff maintains that the court's finding that the disclosure of Plaintiff's personal identifiers was not negligent did not depend on how Defendants McCall and Spinner received the unredacted report.  Rather, the court's holding relied on the fact that it was clear Defendants McCall and Spinner had read the report, were aware of its sensitive contents and failed to redact it prior to publishing it as an exhibit to their subcommittee findings.  Thus, Plaintiff maintains that the Defendants' motion lacks merit and should be denied.

    7.  Local Civil Rule 7.1(i) governs the Court's review of Plaintiff's motion for reconsideration.  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the  availability of new evidence that was not available when  the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Tehan v. Disability Management

Services, Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J.1994); Maldonado v. Lucca, 636 F. Supp. 621, 629 (D.N.J. 1986).

8. As an initial matter, Defendants' motion for reconsideration is untimely as it was filed outside the fourteen day period prescribed by L. Civ. R. 7.1(i). The Defendants' argument that the twenty-eight day period in Fed. R. Civ. P. 59(e) applies to this motion is unpersuasive. The provisions of Rule 59 are designed to address orders rendering a final judgment, not interlocutory orders partially denying summary judgment. Because no final judgment has been entered in this action pursuant to Rule 54(b), the provisions of Rule 59, and its 28-day time limit, are inapplicable here. Juzwin v. Amtorg Trading Corp., 718 F. Supp. 1233, 1235 (D.N.J. 1989).[1] The

---

[1] In addition, the cases cited by the Defendants in support of their argument that Rule 59(e) applies to all motions for reconsideration in fact hold that Rule 59(e) only applies to final judgments and not interlocutory orders. Peterson v. Brooks, No. 07-2442, 2008 U.S. Dist. LEXIS 66904 (E.D. Pa.

6

proper procedural mechanism for reconsideration of this interlocutory order is Local Civil Rule 7.1(i).  Motions under L. Civ. R. 7.1(i) must be served and filed within 14 days after the entry of the order, and therefore Defendant's motion was untimely.

    9.  Notwithstanding the timeliness issue, the Defendants' motion for reconsideration lacks merit.  First, the Defendants have not presented evidence which the court overlooked; instead, the Defendants disagree with the court's interpretation of the evidence.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

    10.  Further, the manner in which Defendants McCall and Spinner received the unredacted police report was irrelevant to

---

September 2, 2008) (applying Rule 59(e) to reconsideration of final judgment); Peterson v. Brennan, No. 97-3477, 2004 U.S. Dist. LEXIS 11860 (E.D. Pa. June 15, 2004)(applying Rule 59(e) to reconsideration of final judgment); Mainguth v. Packard, No. 4:05-0256, 2006 U.S. Dist. LEXIS 34115 (M.D. Pa. May 23, 2006)(noting that Rule 59 does not govern motion for reconsideration of denial of motion for summary judgment which is an interlocutory order, but ultimately using court's discretion to grant reconsideration).  The court was unable to find the final case cited by Defendants, Clapsad v. Shannon, 2003 U.S. Dist. LEXIS 22255 (D.N.J. 2003), as the citation given is not accurate.

the court's conclusion that McCall and Spinner's ultimate disclosure was not negligent. Specifically, the court held:

> The Township Committee in this case requested the state investigatory report and were told on multiple occasions that the content of this report was confidential. It is unclear how Defendants Spinner and McCall ultimately obtained the report as the New Jersey State Police refused to disclose it and the deposition testimony of Defendants Spinner and McCall is inconsistent. The inclusion of the state investigatory report as an exhibit to the Subcommittee's report was intentional and deliberate. It is evident that the Subcommittee read and summarized the report in their own findings and were therefore aware of the sensitive personal information contained therein. While the Subcommittee may not have included the state investigatory report as an exhibit with the intent of disclosing Plaintiff's social security number, home address and birth date, such specific intent is not required to trigger the protections of the Due Process Clause. It is sufficient if evidence demonstrates that a defendant acted knowingly in disclosing the private information, that is, that the official knew that the document contained such private information and that the official acted to disclose the document to the general public. Thus, an inadvertent or negligent disclosure does not violate a constitutionally-protected privacy right. What matters is that this disclosure was not negligent, and therefore the Plaintiff's right to informational privacy was implicated.

Warner v. Twp. of South Harrison, No. 09-6095, 2012 WL 2466573, *10 (D.N.J. June 26, 2012). Indeed, the court granted Defendants' motion for summary judgment as to Chief Warren Mabey even assuming Defendant Mabey had disclosed the unredacted report to McCall and Spinner. In finding that such disclosure would not violate Plaintiff's right to privacy, the court reasoned:

> Assuming Defendant Mabey was the source of the unredacted state investigatory report, his disclosure of the report to Defendants McCall and Spinner did not violate

> Plaintiff's constitutional right to privacy. In particular, Defendants McCall and Spinner were not members of the public, but rather were functioning as governmental officials vested with the authority to investigate the April 16, 2008 incident. The sharing of law enforcement investigative information with other government officials is not prohibited by the constitution, nor should it be. See Philadelphia Yearly Meeting of the Religious Society of Friends v. Tate, 519 F.2d 1335, 1338 (3d Cir. 1975)(holding that the sharing of information by a law enforcement authority with other agencies of government having a legitimate law enforcement function does not give rise to a constitutional violation). Here, Defendants McCall and Spinner, as members of the Investigative Subcommittee, were legitimately investigating Plaintiff's involvement in the April 16, 2008 incident and consequently were entitled to have access to the report.

Warner, 2012 WL 2466573 at *12.

Accordingly, Defendants' motion for reconsideration on the basis that the court unduly relied on Plaintiff's supposition that McCall and Spinner received the unredacted report from Defendant Mabey is without merit.

11. For the reasons set forth above, the Plaintiff's motion for reconsideration will be denied. The accompanying Order will be entered.

**September 17, 2012**　　　　　　　　　　　　s/ Jerome B. Simandle
Date　　　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge